(Court of Criminal Appeals of Texas. Nov. 2, 1921. On Motion for Rehearing, Nov. 23, 1921.)

Criminal law ⬿922(7), 1090(14), 1097(5), 1186(4)—Judgment reversed for omission of written charge in absence of bill of exceptions and statement of facts.

Judgment will be reversed for omission of written charge to the jury as required by Vernon's Ann. Code Cr. Proc. 1916, art. 735, made ground for new trial, though no bill of exception or statement of facts accompanies record, and notwithstanding article 743, prohibiting reversal for technical errors, and such omission may be raised for the first time in motion for new trial.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Hattie Crawford was convicted of having possession of equipment for the unlawful manufacture of intoxicating liquor, and she appeals. Reversed and remanded.

Cooley & Crisp, of Kaufman, for appellant. R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Conviction was for having in possession equipment for the unlawful manufacture of intoxicating liquor. Punishment, one year in penitentiary.

No statement of facts or bills of exceptions accompany the record. Judgment was rendered on March 24, 1921. Two days later a formal motion for new trial was filed, and on the 31st day of March an amended motion for new trial was filed, in which for the first time it is set up that no "written" charge was delivered to the jury. The fact that such omission occurred is not authenticated in any way, either by bill of exception, or by proof upon hearing of the motion for new trial. In this state of the record, under many authorities, we must affirm this case, because of the absence of bills of exception and statement of facts.

### On Motion for Rehearing.

Upon consideration of this case originally we were inclined to the view that article 743, Vernon's C. C. P., would control, and that a disregard of article 735, requiring a written charge, could not for the first time be raised in the motion for new trial. Upon more mature consideration we reached the conclusion that we were in error. Our opinion in No. 6455, Howard v. State, 234 S. W. 895, decided November 16, 1921, expresses our convictions contrary to the original holding in this case.

The motion for rehearing is granted, judgment of affirmance is set aside, and for failure to give a written charge the judgment of the trial court is reversed, and the cause remanded.

## STROUD v. STATE.   (No. 6374.)

(Court of Criminal Appeals of Texas. Nov. 23, 1921.)

Grand jury ⬿5—Indictment returned by grand jury of 10 men and 2 women is illegal.

An indictment returned by a grand jury composed of 10 men and 2 women is illegal.

Appeal from District Court, McLennan County; Richard I. Munroe, Judge.

Clyde Stroud was convicted of statutory rape, and he appeals. Reversed, and prosecution dismissed.

Farmer & Farmer, of Waco, for appellant. R. H. Hamilton, Asst. Atty. Gen., for the State.

HAWKINS, J. Conviction was for statutory rape. Punishment, 7 years in the penitentiary.

It is made to appear that the grand jury which returned the indictment was composed of 10 men and 2 women. In Harper v. State (No. 6319) 234 S. W. 909, recently decided, such indictment was held to be void.

The judgment of the trial court is reversed, and the prosecution under the present indictment ordered dismissed.

## TOLIVER v. STATE.   (No. 6507.)

(Court of Criminal Appeals of Texas. Nov. 30, 1921.)

Criminal law ⬿1131(5)—Appeal dismissed where defendant has escaped.

Where it is made to appear that, pending appeal, defendant has escaped from custody, and still remains at large, the appeal will be dismissed.

Appeal from District Court, Lamar County; Ben H. Denton, Judge.

Will Toliver was convicted of theft, and appeals. Appeal dismissed.

C. M. Cureton, Atty. Gen., for the State.

HAWKINS, J. Appellant was convicted of hog theft. It is made to appear that, pend-

⬿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ing this appeal, the defendant escaped from custody on the 5th day of July, 1921, and still remains at large.

The appeal is therefore ordered dismissed.